UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ORLANDO VASQUEZ,

Plaintiff,

v.

MATTHEW PARKER and
JOHN MURPHY,

Defendants.

Civil No. 11-3243 (PAM/FLN)

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Metropolitan Correctional Center in Chicago, Illinois,[1] commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) The case has been assigned to the undersigned Magistrate Judge of the District Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted, and that this action should therefore be dismissed pursuant to § 1915A(b)(1).

---

[1] When Plaintiff initiated this action, he was incarcerated at the Sherburne County Jail in Elk River, Minnesota, but he recently informed the Court that he is now being held in Chicago. (Docket No. 8.)

[2] Plaintiff did not tender the required filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

**I. BACKGROUND**

Plaintiff is a defendant in a federal criminal case that is currently pending in this District – <u>United States v. Vasquez</u>, Crim. No. 11-110 (JNE/SER). He has been charged with aiding and abetting a bank robbery, in violation of 18 U.S.C. § 2113(a).

Plaintiff is presently attempting to sue two federal agents, Matthew Parker and John Murphy, who apparently helped to apprehend Plaintiff for the bank robbery he allegedly committed. The substantive allegations in Plaintiff's current complaint, repeated verbatim and in their entirety, (with spelling and grammatical errors left intact), are as follows:

> "(A) On March. 1/2011, Murphy, John, used excessive force to inter Plaintiff's motel room arrested & tampered with evidence's,- without a warrant/or probable cause.  made statements to justify the illegal act's under oath in June, 20th, transcripts.  Handcuffed Plaintiff/layed in the snow ground for hour's/intell-NCIC was able to I.D. the Plaintiff/would not treat Plantiff-leg wound's/Murphy, acted as well as abused his color of law- falsifyed statement under oath, to justify arrest of Plaintiff.
>
> (B) On March. 1/2011, Parker, Matthew, conducted an – interigation, at motel crime sceen, falsifyed plaintiff's statement's/would not treat leg wound's, and tampered – with evidence's in motel room, Lyed to a Grand Jury, and in June, 20, 2011.  Cross Examination under oath, blood-on sheets/newspaper in room, used blank paper to obtain statement's/ Plantiff would not sign.  Later photoed Mirranda Right's Card on Paper, stating cant rember who marshal gave him the Mirranda waiver slip, claimed the Plaintiff confessed to the elligations/to which is not true."

(Complaint, § IV, "Statement of Claim.")

Based on these brief allegations, Plaintiff is seeking a judgment that would grant him relief described as follows:

> "To have internal affairs investigate Plaintiff inditement, and to have investigation report forwarded to the courts (evidence's) if founded to be illegal or violation of Plaintiff's constitutional rights or due process/court's to empeach agents testimoneys – and evidences used againts the Plaintiffs/for courts to insure due process are honored/and all other forms into the inter/justices."

(Complaint, § V, "Request for Relief.")

## II. DISCUSSION

Because Plaintiff is a prisoner who is attempting to sue government agents, his pleading is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in every civil action brought by a prisoner against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If the pleading fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some appropriate redress under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In this case, it appears that Plaintiff is asking the Court to order an investigation into the conduct of the named Defendants for use at his upcoming criminal trial. Plaintiff is not

3

requesting any judgment against either of the named Defendants; instead, his complaint plainly states that he is seeking a judgment that would compel "internal affairs" to "investigate" Plaintiff's indictment.

If Plaintiff actually wants the Court itself to conduct some type of investigation, then he misapprehends the role of the federal courts. The judicial branch of government does not have the authority (or the resources) to conduct freelance factfinding investigations at the request of private parties; the federal courts are empowered only to adjudicate actual cases and controversies properly brought before them. Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003).

If Plaintiff is seeking to discover evidence for use in his pending criminal case, a civil action against the investigators is not a proper means to do so. The Federal Rules of Criminal Procedure govern discovery in criminal cases in Federal Court. Plaintiff will have to work with the attorney who is representing him in his criminal case to pursue discovery, and seek to suppress any allegedly inadmissible evidence, using the procedures set forth in the Federal Rules of Criminal Procedure.

### III.  CONCLUSION

In sum, Plaintiff's complaint fails to state a cause of action, because the allegations in his pleading do not support the relief he is requesting. If Plaintiff actually wants the Court itself to conduct an independent inquiry into the circumstances surrounding his indictment, he has failed to plead an actionable claim, because federal courts are not authorized to conduct investigations; they can only adjudicate actual cases and controversies that are properly brought before them.

Because Plaintiff has failed to state any cause of action on which relief can be

granted, this case must be dismissed pursuant to 28 U.S.C. § 1915A(b), and Plaintiff's application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[3] To date, Plaintiff has not paid any fee at all, so he still owes the full $350 fee. Prison officials will have to deduct that amount from Plaintiff's prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Court will also recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Lastly, having determined that this action must be summarily dismissed pursuant to § 1915A, the Court will further recommend that Plaintiff's collateral motion seeking an injunction "to protect/ due process, and inernal [sic] investigation - with new counsel's [sic] in said inditement [sic]," (Docket No. 3), be summarily denied.

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be

---

[3] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

**DENIED**;

    2.  Plaintiff's motion for injunctive relief, (Docket No. 3), be **DENIED**;

    3.  This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

    4.  Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350, in accordance with 28 U.S.C. § 1915(b)(2); and

    5. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: November  17, 2011

                                               s/ *Franklin L.Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 2, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.